## POLICY OF THE LAW AS TO MEASURES.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL JOHN BUCH, v. CHARLES J. BURNS, AS
SEALER OF WEIGHTS AND MEASURES OF THE
CITY OF CLEVELAND.

Decided, May 15, 1911.

*Sealer of Weights and Measures—Standard Half Bushel—Rectangular
Boxes Not Sealable.*

The city sealer can not be required to seal rectangular wooden boxes
having exactly twice the cubic contents of the standard half
bushel.

*Lang, Cassidy & Copeland* and *Geo. O. Willett,* for plaintiff in
error.

*N. D. Baker,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The relator asks that the city sealer be required to seal cer-
tain rectangular wooden boxes, each 20 3-4 inches long, 13 inches
wide, a fraction less than 8 inches deep, and containing 2150.42
cubic inches, which he alleges have exactly twice the capacity of
the standard half bushel.

He says that he is using these boxes as receptacles in which to
expose and offer for sale garden products, such as potatoes and
onions, which are usually sold by heaped measure.

The bushel does not appear to be recognized as a unit or stan-
dard of measure in this state. Section 6414, General Code,
provides that "the unit or standard measure of capacity for
substances other than liquids, from which all other measures of
such substances shall be derived and ascertained, shall be the
standard half bushel measure, furnished this state by the govern-
ment of the United States, the interior diameter of which is
thirteen inches and thirty-nine fortieths of an inch, and the
depth is seven inches and one twenty-fourth of an inch."

General Code, Section 6415.    ''The peck, half peck, quarter peck, quart and pint measures shall be derived from the half bushel measure by dividing it and each succeeding measure by two.''

General Code, Section 6416.    ''Articles usually sold by heaped measure shall be heaped in a conical form as high as such articles permit.''

General Code, Sections 7965 to 7968 inclusive, provide that the professor of physics in the state university shall be, *ex officio,* state sealer; that standards of weights and measures adopted by the state shall be deposited in a suitable room at the university; that copies of the original standards shall be procured by the state sealer for the use of each county in the state, and be delivered to the auditor thereof, as follows:

''One-half bushel measure, of one-eighth inch copper, with brass rim; one gallon measure, of one-sixteenth inch copper, with brass rim and handle; one-half gallon, one quart, one pint, and one-half pint measures, to be made in the same manner and of the same material.    The state sealer shall furnish like copies of the original standards to the sealer of any city or village upon application therefor.''

General Code, Sections 4318 to 4322 inclusive, provide for the appointment of a sealer of weights and measures in cities and villages, and his duties.

General Code, Section 4322, reads:

''The sealer of weights and measures shall compare all weights and measures brought to him for that purpose with the copies in his possession, and when such weights and measures are made exactly to agree with such copies, he shall seal and mark them.''

General Code, Sections 3616 and 3651, provide that municipal corporations shall have power

''To regulate the weighing and measuring of hay, wood and coal, and other articles exposed for sale, and to provide for the seizure, forfeiture, and destruction of weights and measures, implements and appliances for measuring and weighing, which are imperfect or liable to indicate false or inaccurate weight or measure, or which do not conform to the standards established by law, and which are known, used, or kept to be used for weighing or

measuring articles to be purchased, sold or offered or exposed for sale.''

The petition sets forth certain sections of the ordinances of the city of Cleveland, to-wit, 1415 to 1421 inclusive, which relate to weights and measures, but we find no specific direction therein that the city sealer shall provide any standard for a bushel. On the contrary, the standards adopted by the state of Ohio are made the test by which all weights and measures shall be compared and determined.

There are some provisions of these ordinances making it unlawful for any person to expose for sale any commodity, article or articles which are commonly sold by measure, in any measure or utensil or receptacle, which is not tested, marked and sealed. Whether this ordinance is valid in so far as it requires receptacles not used as measures to be sealed need not be decided. While this question is squarely raised by demurrer to the petition, yet, as it appears clearly from the petition that the boxes described, when heaped up, do not measure as much as two heaped-up circular half bushels, of the standard prescribed by law, the relief prayed is denied on that ground alone.

A rectangular box can not be heaped in a conical form, as required by law, and if heaped at all, will not produce the result of a circular measure that is heaped.

It may also be suggested that the law seems to require that all measures be of circular form, instead of square or rectangular, and it is demonstrable that more articles of some size, as potatoes, will go into a round receptacle than into a square one of the same cubic contents. This is so because of the loss of space at the four corners.

This decision is not based upon the proposition that the city sealer can not be required to seal any measure of capacity greater than one-half bushel, though, speaking for myself alone, I am satisfied that such is the law, as I am that the ordinance is invalid in so far as it makes it unlawful to expose any commodity for sale in a receptacle which is not sealed, provided said receptacle is not used as a measure.

It would appear to be the policy of the law that measures should be of fixed shape and of limited capacity to the end that the people may become familiar with them, and able to detect false measures at a glance.

The demurrer to the petition is sustained and relator not desiring to plead further, the petition is dismissed.